#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DENNIS HAWVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:14-cv-04084-DGK |
| | ) | |
| LAWTON R. NUSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of Plaintiff Dennis Hawver's disbarment by the Kansas Supreme Court for "inexplicable incompetence" in defending a client against capital murder charges. After the Kansas Supreme Court's action, the United States District Court for the District of Kansas ("District of Kansas") ordered Plaintiff to show cause why it should not impose reciprocal discipline pursuant to D. Kan. Rule 83.6.4. Plaintiff then filed the pending lawsuit, seeking to stave off his Kansas disbarment and any reciprocal discipline. Plaintiff is suing the justices of the Kansas Supreme Court, the Kansas Attorney Discipline Administrator, the Kansas Attorney Discipline Prosecutor, members of the Kansas Board of Discipline for Attorneys, and the chief judge of the District of Kansas for injunctive relief and damages.

Now before the Court is a motion to dismiss (Doc. 16) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) filed by Chief Justice Lawton Nuss, Hon. Marla J. Luckert, Hon. Carol A. Beier, Hon. Dan Biles, Hon. Eric S. Rosen, Hon. Lee A. Johnson, and Hon. Nancy Moritz (collectively "the Kansas Supreme Court Justices" or "the Justices"). Because the Justices enjoy judicial immunity from Plaintiff's claims for damages and injunctive relief and the Court lacks the power to grant the requested declaratory judgment, the motion is GRANTED. Plaintiff's claims against the Justices are dismissed without prejudice.

## Background

The Complaint alleges two counts against the Kansas Supreme Court Justices. Count One alleges that the Justices violated 42 U.S.C. § 1983 by initiating an ethics complaint against Plaintiff (or alternately, by not objecting to the filing of an ethics complaint against Plaintiff), in retaliation for his exercising his First Amendment right to advocate on his client's behalf using a client-approved strategy. Compl. at ¶¶ 73-74. It also contends the Justices failed to train the attorneys of the Kansas Board for Discipline of Attorneys to recognize that the First Amendment protected Plaintiff's speech. *Id.* at ¶ 75. Count Two makes similar assertions, alleging the Justices violated § 1983 by retaliating against Plaintiff for exercising his First Amendment right to engage in protected advocacy, testimony, and association on his client's behalf. *Id.* at ¶ 106. It alleges the Justices initiated a bad-faith investigation and prosecution of Plaintiff when there was not probable pause to investigate or discipline him. *Id.* at ¶ 112. The Complaint seeks substantial monetary damages from the Justices as well as declaratory and injunctive relief. *Id.* at ¶¶ 125-29, 132.

## Standard of Review

The Justices move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Whenever it appears that a federal court lacks subject-matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377. A claim dismissed for lack of subject-matter jurisdiction is dismissed without prejudice, because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

There are two types of challenges to subject-matter jurisdiction under Rule 12(b)(1), "facial" attacks and "factual" attacks. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack challenges subject-matter jurisdiction based on the complaint's allegations. *Id*. A factual attack challenges "the actual facts upon which subject-matter jurisdiction is based." *Id*. The pending motion is a facial attack because the Justices argue that even if the allegations in the Complaint are true, the Court lacks subject-matter jurisdiction to hear this dispute. In ruling on a facial attack, the court assumes the allegations in the complaint are true. *Id*.

The Justices also move to dismiss under Rule 12(b)(6) for failure "to state a claim upon which relief can be granted." A complaint must meet two conditions to survive a Rule 12(b)(6) motion. First, it must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 550 (2007) (citations, quotation marks, and alterations omitted). Second, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

**Discussion**

The Justices contend they are immune from suit for monetary damages and injunctive relief under § 1983, and they are correct. It is well-settled that a judge is immune from suits for monetary damages unless the judge's actions were not taken in his or her judicial capacity or the judge was acting in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (dismissing for failure to state a claim an attorney's § 1983 lawsuit against a judge who allegedly authorized the use of excessive force against him). This immunity cannot be overcome by allegations of bad faith or malice. *Id.* at 11. Like other forms of official immunity, judicial immunity is immunity from suit, not just from the ultimate assessment of damages. *Id.*

The Complaint attempts to plead around the Justices' judicial immunity by alleging that in initiating Plaintiff's ethics prosecution, the Justices were "acting in the functions of witness and/or administrators, and not in the functions of judges exercising discretion over judicial matters." Compl. at ¶ 72. This characterization, however, is a legal conclusion, not a factual allegation, so the Court is not bound to accept it. *Twombly*, 550 U.S. at 555 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation."). In fact, a judge's reporting a potential ethics violation is a judicial act. *See Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985) (construing judicial act broadly, holding a judge's submission of a letter to the United States Justice Department accusing a defendant of intimidating the jury was a judicial act). Furthermore, "'even informal attorney disciplinary matters presented to the states' highest courts are judicial proceedings.'" *See Stein v. Disciplinary Bd. of Supreme Court of New Mexico*, 520 F.3d 1183 (10th Cir. 2008) (quoting *Clulow v. Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983)). As a matter of law then, the initiation of Plaintiff's ethics complaint was a judicial act which fell squarely within the Justice's judicial capacity. Hence, the Justices are entitled to absolute judicial immunity, and all damages claims against them must be dismissed.

As for the claims for injunctive relief, § 1983 specifically states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The Complaint does not allege that a declaratory decree was violated or declaratory relief was unavailable, thus the injunctive relief claims must be dismissed as well.

Finally, the Court holds it lacks jurisdiction over Plaintiff's request for relief in the form of declarations that: (1) "an attorney has the right to represent a criminal defendant for an agreement to pay a flat fee" (Compl. at ¶ 127); "an attorney has the right to represent a criminal defendant by following the lawful trial strategy decided upon by that defendant, and to make truthful representations . . . pursuant to the instruction of that criminal defendant" (Compl. at ¶ 128); and "an attorney is protected by the First Amendment regarding advocacy and association, for representing a criminal defendant in a lawful strategy" (Compl. at ¶ 129). These requests seek a retrospective opinion from the Court that the Defendants wronged Plaintiff, and that Plaintiff had a constitutional right to defend his client in the fashion that he did. This is an impermissible use of a declaratory judgment. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (holding a plaintiff may not seek a declaratory judgment to answer a hypothetical question or where the plaintiff's present interest in the lawsuit is the "emotional satisfaction" of a ruling that the defendants wronged him). Hence, this portion of the Complaint must be dismissed for not meeting Article III's case-or-controversy requirement. *Id*.

## Conclusion

The motion (Doc. 19) is GRANTED. Plaintiff's claims against the Justices are all DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   March 31, 2015                                  /s/ Greg Kays
                                                               GREG KAYS, CHIEF JUDGE
                                                               UNITED STATES DISTRICT COURT