**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DENNIS HAWVER,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )            No. 5:14-cv-04084-DGK
                                        )
LAWTON R. NUSS, et al.,                 )
                                        )
            Defendants.                 )

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises out of Plaintiff Dennis Hawver's disbarment by the Kansas Supreme Court for "inexplicable incompetence" in defending a client against capital murder charges. After the Kansas Supreme Court's action, the United States District Court for the District of Kansas ("District of Kansas") ordered Plaintiff to show cause why it should not impose reciprocal discipline pursuant to D. Kan. Rule 83.6.4. Plaintiff then filed the pending lawsuit, seeking to stave off his Kansas disbarment and any reciprocal discipline. Plaintiff is suing the members of the Kansas Supreme Court, the Kansas Attorney Discipline Administrator, the Kansas Attorney Discipline Prosecutor, members of the Kansas Board of Discipline for Attorneys, and the chief judge of the District of Kansas for injunctive relief and damages.

Now before the Court is Defendant Chief Judge J. Thomas Marten's ("Chief Judge Marten" or "the Chief Judge") motion to dismiss (Doc. 19) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Because the Court lacks subject-matter jurisdiction, the motion is GRANTED. Plaintiff's claims against Chief Judge Marten are dismissed without prejudice.

### Background

Chief Judge Marten is currently the chief judge of the District of Kansas. The Complaint alleges Plaintiff is in "present and immediate" danger that Chief Judge Marten will take

Plaintiff's constitutional right to practice law from him by allowing the District of Kansas' disciplinary committee to disbar him.  Compl. at ¶ 124.  Plaintiff is suing Chief Judge Marten in his official capacity for injunctive and declaratory relief.  *Id.* at cover page, ¶ 1.

Specifically, in his own words, Plaintiff seeks:

1.    Injunctive relief against the Chief Judge under the First Amendment "to restrain the ongoing violation of the federal rights of similarly situated Kansas attorneys to protect the misconduct of State of Kansas officials under the color of state law."  *Id.* ¶ 66.

2.    "[I]njunctive relief . . . for the other Kansas lawyers identified in this Complaint, who face barriers and certain retaliation if they would seek redress for the repeated rote violation of their constitutional rights by the Kansas Supreme Court."  *Id.* at ¶ 126.

3.    "Declaratory relief against all defendants, stating that an attorney has the right to represent a criminal defendant for an agreement to pay a flat fee."  *Id.* at ¶ 127.

4.    "Declaratory relief against all defendants that an attorney has the right to represent a criminal defendant by following the lawful trial strategy decided upon by that defendant, and to make truthful representations . . . pursuant to the instruction of that criminal defendant."  *Id.* at ¶ 128.

5.    "Declaratory relief against all defendants that an attorney is protected by the First Amendment regarding advocacy and association, for representing a criminal defendant in a lawful strategy . . . and therefore . . . all prosecutions of an attorney by the state and its' minions for the same protected conduct are void under the Fourteenth Amendment."  *Id.* at ¶ 129.

6.    A declaratory judgment applicable to the Chief Judge stating "that the Kansas U.S. District Court cannot reciprocally disbar the Plaintiff, and thereby violate his rights under the First Amendment regarding advocacy and association."  *Id.* at ¶ 130.

7.      Prospective injunctive relief against the Chief Judge "that the Kansas District Court cannot prearrange a denial of the Plaintiff's federal Due Process rights by refusing to follow stare decisis opinions" of previous federal court cases establishing Plaintiff's rights to damages, declaratory relief, and prospective injunctive relief.  *Id.* at ¶ 131.

8.      Prospective injunctive relief prohibiting disbarment by the Kansas Supreme Court.  If the Kansas Supreme Court does disbar him, Plaintiff requests that this Court order his reinstatement without any conditions or fees.  *Id.* at ¶ 132.

## Standard of Review

Chief Judge Marten moves to dismiss this case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).   Federal courts are courts of limited jurisdiction and as such may only hear cases they have been authorized to hear by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Whenever it appears that a federal court lacks subject-matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit.  Fed. R. Civ. P. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.  A claim dismissed for lack of subject-matter jurisdiction is dismissed without prejudice, because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

There are two types of challenges to subject-matter jurisdiction under Rule 12(b)(1), "facial" attacks and "factual" attacks.  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack challenges subject-matter jurisdiction based on the complaint's allegations.  *Id*.  A factual attack challenges "the actual facts upon which subject-matter jurisdiction is based."  *Id*. The pending motion is a facial attack because Chief Judge Marten argues that even if the allegations in the Complaint are true, the Court lacks subject-matter jurisdiction to hear this

dispute.  In ruling on a facial attack, the court assumes the allegations in the complaint are true. *Id*.

<h2 style="text-align:center">Discussion</h2>

Chief Judge Marten contends the claims against him fail for a variety of jurisdictional reasons.  Plaintiff denies these assertions, but his arguments are unclear and lack legal support. The Court rules as follows.

First, the Court holds that Plaintiff's request for injunctive relief preventing the Kansas Supreme Court from issuing a decision disciplining him (¶ 132)[1] is now moot.  A case becomes moot when a favorable judicial decision can no longer redress the plaintiff's injury.  *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).  Mootness is a jurisdictional doctrine, and once a civil case becomes moot, it should be dismissed for lack of jurisdiction.  *WildEarth Guardians v. Pub. Serr. Co. of Colorado*, 690 F.3d 1174, 1182, 1190 (10th Cir. 2012).  On November 14, 2014, the Kansas Supreme Court issued an order disbarring Plaintiff.  *In re Hawver*, 339 P.3d 573 (Kan. 2014).  Because the Court cannot stop that which has already occurred—Plaintiff's state court disbarment—this portion of the case is moot and must be dismissed.

Related to this holding, the Court also finds that it also lacks the power to reverse or modify Plaintiff's state court disbarment.  "[F]ederal courts lack authority to re-examine or reverse a state supreme court's disciplinary action against a bar member."  *In re Harper*, 725 F.3d 1253, 1256 (10th Cir. 2013) (citing *Selling v. Radford*, 243 U.S. 46, 50 (1917)).  This means that even if Plaintiff's request to enjoin any state court disciplinary action were not moot, the Court would still lack the power to grant Plaintiff the relief sought.  It also means the Court lacks the power: (1) to grant the alternate relief requested, namely to order the Kansas Supreme

---

[1] The Court recognizes that in his response, Plaintiff states "[t]he Plaintiff's causes of action do not seek to enjoin the Kansas Supreme Court from disciplining the Plaintiff."  Resp. to Mot. to Dismiss (Doc. 26) at 11. Notwithstanding Plaintiff's protestations to the contrary, the Court finds the Complaint does seek an injunction preventing the Kansas Supreme Court from disciplining Plaintiff.

Court to reinstate Plaintiff (¶ 132); (2) to declare that the Kansas disciplinary proceedings against Plaintiff violated the First and the Fourteenth Amendments (¶ 129); and (3) to grant "injunctive relief where timely" for the Kansas Supreme Court's alleged violations of other lawyers' Constitutional rights during their disciplinary proceedings (¶ 126).[2]

Second, the Court holds that it also lacks the power: (1) to grant Plaintiff's request for injunctive relief preventing Chief Judge Marten or the District of Kansas from disciplining him (¶¶ 126, 131); and (2) to grant Plaintiff's request for a declaratory judgment that the District of Kansas cannot discipline him (¶ 130). Plaintiff does not cite any relevant caselaw supporting his position that the Court possesses such power, nor could he. "Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts." *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (holding a judicial special master enjoyed absolute immunity from liability for his decision barring the plaintiff, a court reporting service, from continuing to provide court reporting services in a case over which he presided); *Scherer v. Flannagan*, No. 02-4010-JAR, 2002 WL 31180020, at *3 (D. Kan. Sept. 30, 2002) (holding it lacked the power to order equitable relief against a bankruptcy judge, observing that "[w]hile the Tenth Circuit has not directly addressed this issue, the Sixth, Ninth, and Eleventh Circuits have all decided that federal judges are absolutely immune from equitable relief"). This is particularly true when a co-equal district court judge is the defendant. *See Stephens v. Herring*, 827 F. Supp. 359, 364 (E.D. Va. 1993) ("No common law tradition or precedent sanctions the use of injunctive relief against courts of equal stature in the same court system.").

---

[2] Plaintiff also lacks standing to assert other lawyers' rights (¶ 66). *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (noting a litigant must generally assert his own rights and interests and cannot assert the rights of third-parties).

Third and finally, the Court must dismiss Plaintiff's request for declarations that: (1) "an attorney has the right to represent a criminal defendant for an agreement to pay a flat fee" (¶ 127); "an attorney has the right to represent a criminal defendant by following the lawful trial strategy decided upon by that defendant, and to make truthful representations . . . pursuant to the instruction of that criminal defendant" (¶ 128); and "an attorney is protected by the First Amendment regarding advocacy and association, for representing a criminal defendant in a lawful strategy" (¶ 129).   These requests seek a retrospective opinion that the Defendants, including the Chief Judge, wronged Plaintiff, and that Plaintiff had a constitutional right to defend his client in the fashion that he did.   This is an impermissible use of a declaratory judgment.   *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (holding a plaintiff may not seek a declaratory judgment to answer a hypothetical question or where the plaintiff's present interest in the lawsuit is the "emotional satisfaction" of a ruling that the defendants wronged him).

Accordingly, the Court dismisses all claims against Chief Judge Marten for lack of subject-matter jurisdiction.

## Conclusion

The motion (Doc. 19) is GRANTED.   Plaintiff's claims against Chief Judge Marten are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:   March 31, 2015                              /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT